UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL WAGNER IV, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-506 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant U.S. Bank National Association's ("U.S. Bank") motion to dismiss. (Doc. # 5). Defendant National Default Servicing Corporation ("NDSC") filed a joinder to the motion. (Doc. # 13). Plaintiffs Paul Wagner ("Wagner") and Monica Wagner (collectively, "plaintiffs") filed a response, (doc. # 8), and U.S. Bank filed a reply, (doc. # 9). U.S. Bank also filed a request for judicial notice. (Doc. # 6).

**I.    Background**

On April 19, 2004, Wagner purchased real property located at 8585 Spin Ranch Road (now 8585 Wagner Ranch Road) in Las Vegas, Nevada. He secured the purchase by obtaining a loan from Wells Fargo Home Mortgage Inc. ("WFHM") for $787,500. The loan process included a fixed/adjustable rate note and a deed of trust securing Wagner's obligations under the note. (Docs. ## 6-1, 6-2).

Wagner defaulted on his loan payments sometime in late 2013. (*See* doc. # 6-5 at 2). On December 27, 2013, Wells Fargo Bank, N.A., successor by merger to WFHM, executed a corporate assignment of deed of trust, transferring the deed to U.S. Bank. (Doc. # 6-3). On March

**James C. Mahan**
**U.S. District Judge**

25, 2014, U.S. Bank recorded a substitution of trustee, naming co-defendant NDSC as trustee under the deed of trust. (Doc. # 6-4).

On April 17, 2014, NDSC mailed a letter to Wagner, informing him that NDSC was initiating non-judicial foreclosure proceedings on property located at 8585 Wagner Ranch Road. (Doc. #6-5). Wagner sent a response, dated May 5, 2014, claiming no knowledge of the loan at issue and requesting documentation to support NDSC's right to non-judicially foreclose. (Doc. # 1 at 21-23). Defendant NDSC replied to Wagner's request with a packet of information, dated May 19, 2014, regarding the security and NDSC's related interest. (Doc. # 1 at 26-27).

On March 20, 2015, plaintiffs filed a single-count complaint in this court, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Doc. # 1). On April 10, 2014, defendant U.S. Bank filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), (doc. # 5) and a request for judicial notice of documents relating to plaintiffs' cause of action, (doc. # 6). On May 29, defendant NDSC filed a joinder to U.S. Bank's motion to dismiss. (Doc. # 13).

**II.    Legal Standard**

*i. Request for judicial notice*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

*ii. 12(b)(6) motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable

**James C. Mahan**
**U.S. District Judge**

- 3 -

the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* at 1216.

### III. Discussion

*i. Request for judicial notice*

Defendant U.S. Bank asks this court to take judicial notice of the following documents:

(1) the fixed/adjustable rate note entered into between Wagner and WFHM on April 19, 2004, (doc. # 6-1);

(2) the deed of trust entered into between Wagner and WFHM on April 19, 2004, (doc. # 6-2);

(3) the corporate assignment of the deed of trust from WFHM's successor, Wells Fargo Bank N.A., to U.S. Bank on December 27, 2013, (Doc. # 6-3);

(4) the substitution of trustee from U.S. Bank to NDSC on March 25, 2014, (doc. # 6-4);

(5) portions of the initial correspondence packet from NDSC to Wagner, dated April 17, 2014, detailing an intent to foreclose, (doc. # 6-5);

(6) a certificate from the foreclosure mediation program, requested by NDSC and relating to the property at 8585 Wagner Ranch Road, issued on July 3, 2014, (doc. # 6-6);

(7) a notice of trustee sale sent by NDSC to Wagner, dated February 13, 2015, (doc. # 6-7); and

(8) a notice of lis pendens recorded against the real property at 8585 Wagner Ranch Road, filed by the plaintiffs in this court on March 20, 2015, (doc. # 6-8).

Plaintiffs do not dispute the authenticity of any of these documents. U.S. Bank asks this court to take judicial notice of matters of public record and documents attached to the complaint. Therefore, the court will grant the request. The above documents shall be considered in ruling on defendant's motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

**James C. Mahan**
**U.S. District Judge**

- 4 -

*ii. 12(b)(6) motion to dismiss*

Plaintiffs' complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (Doc. # 1). Plaintiffs assert that letters from NDSC to Wagner and a non-judicial foreclosure attempt on real property at 8585 Wagner Ranch Road constitute debt collection under the act. (Doc. # 1). Plaintiffs characterize U.S. Bank and NDSC as debt collectors because they secured interest in the underlying assets after the loan was in default. (Doc. #1). Defendants argue they cannot be liable for FDCPA violations because a non-judicial foreclosure proceeding is not debt collection. (Docs. ## 5, 9, 13).

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

The FDCPA provides protection from abusive debt collection practices. 15 U.S.C. § 1692 *et seq.* "In order to establish a claim under the FDCPA, plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o." *Gutierrez v. Wells Fargo Bank*, C 08–5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009); *see Spartalian v. Citibank, N.A.*, No. 2:12-CV-00742-MMD, 2013 WL 5437347, at *3 (D. Nev. Sept. 27, 2013).

Plaintiffs' complaint and response focus on why the defendants should be considered debt collectors under the third element of the FDCPA.[1] (Docs. ## 1, 8). However, the appropriate initial

---

[1] Plaintiffs also assert that defendants do not possess a valid deed of trust. Plaintiffs allege, without providing documentation, that defendants' deed was in a REMIC trust with a "purchase service agreement." (Doc. # 1). Plaintiffs contend that a mortgage in a REMIC trust is held by the trust and cannot be moved for any reason once 90 days have passed since the trust's creation. Defendants correctly argue that plaintiff would not have standing to bring a claim for improper

question is whether foreclosing on a security interest in property qualifies as debt collection. This court concludes that it does not.

"Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA." *Camacho-Villa v. Great W. Home Loans*, No. 3:10-CV-210-ECR-VPC, 2011 WL 1103681 at *4 (D. Nev. Mar. 23, 2011). Courts in this district have frequently held that FDCPA claims arising from non-judicial foreclosure proceedings fail as a matter of law to state a colorable cause of action. *See Wensley v. First Nat. Bank of Nev.*, 874 F. Supp. 2d 957, 963 (D. Nev. 2012) (citing the above language from *Camacho-Villa* in dismissing a FDCPA claim); *Canty v. Integrity 1st Fin.*, No. 3:11-CV-130-RCJ-WGC, 2011 WL 4859996 at *5 (D. Nev. Oct. 7, 2011) (same); *Roth v. Integrity 1st Fin. LLC*, No. 3:11-CV-0410-LRH-VPC, 2011 WL 4346382 at *2 (D. Nev. Sep. 14, 2011) (same). Just last year, this court agreed. *Dowers v. Nationstar Mort. LLC*, No. 2:14-CV-1679-JCM-PAL, 2014 WL 7409513 at *3 (D. Nev. Dec. 31, 2014). There is no compelling reason to depart from prior holdings.

Here, plaintiffs' single claim arises out of a non-judicial foreclosure attempt. (Doc. # 1). Wagner admittedly defaulted on payments connected with the underlying property. (Doc. # 1 at 4 ¶¶ 9, 10, 11). As a matter of law, the FDCPA does not apply to the enforcement by non-judicial foreclosure of a security interest in property. *Camacho-Villa*, 2011 WL 1102681 at *4. Therefore, plaintiffs' claim under the FDCPA must be dismissed because it does not plausibly state a cause of action upon which relief can be granted. *See Twombly*, 550 U.S. at 570.

Since non-judicial foreclosures do not qualify as debt collection, this court need not address whether defendants qualify as debt collectors under the act. *See Dowers*, 2014 WL 7409513 at *4.

. . .

. . .

---

transfer even if it did exist, and therefore the transfer is valid at least until properly contested in court. *See, e.g.*, *Bateman v. Countrywide Home Loans*, 2012 WL 5593228, at *4 (D. Haw. Nov. 14, 2012); *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014). The court also finds plaintiffs' reading of REMIC trust law, 26 U.S.C. § 860D, improbable. *See Williams v. GMAC Mortg., Inc.*, No. 13 Civ. 4315(JPO), 2014 WL 2560605, at *4 (S.D.N.Y. June 6, 2014) ("While transferring a note to the REMIC might have negative tax consequences for the REMIC investors, Plaintiffs have not argued any reason why such a transfer would be 'meaningless and legally unenforceable.'"). In any case, defendants were still not engaged in debt collection and therefore cannot be subject to a claim under the FDCPA.

**James C. Mahan**
**U.S. District Judge**

- 6 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss, (doc. # 5), be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED June 10, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**